Case 4:20-cv-01290 Document 24 Filed on 07/15/20 in TXSD Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
July 15, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GROUP 1 AUTOMOTIVE, INC., AS PLAN ADMINISTRATOR FOR THE GROUP 1 AUTOMOTIVE, INC. COMPREHENSIVE HEALTH AND WELFARE BENEFIT PLAN, <br> Plaintiff, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY, <br> Defendant. | § § § § § § § § § § § § § | CASE NO. 4:20-CV-1290 |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Aetna Life Insurance Company's ("Aetna's") Motion to Transfer Venue under 28 U.S.C. § 1404(a) [Doc. # 7] ("Motion"). Plaintiff Group 1 Automotive, Inc., as Plan Administrator on behalf of the Group 1 Automotive, Inc. Comprehensive Health and Welfare Benefit Plan ("Group 1") has responded,[1] Aetna replied,[2] and Group 1 filed a sur-reply.[3] The Motion is ripe for

---

[1] Group 1's Response in Opposition to Aetna's Motion to Transfer Venue and Alternative Motion to Consolidate [Doc. # 10] ("Response").

[2] Aetna's Reply in Support of its Motion to Transfer Venue under 28 U.S.C. § 1404(a) [Doc. # 17] ("Reply").

[3] Group 1's Sur-Reply in Further Response to Aetna's Reply in Support of its Motion to Transfer Venue [Doc. # 21] ("Sur-Reply").

decision. Based on the parties' briefing, pertinent matters of record, and relevant legal authorities, the Court **denies** Aetna's Motion.

## I. BACKGROUND

Group 1 operates an automotive retail business throughout the United States.[4] Group 1 is a Delaware corporation with its principal place of business in Houston, Texas.[5] Group 1 administers a self-funded health benefit plan for its employees under the Employee Retirement Income Security Act of 1974 ("ERISA").[6] Aetna offers health insurance and third-party administration services for self-funded benefit plans.[7] Aetna is a Connecticut corporation with its principal place of business in Hartford, Connecticut.[8]

Group 1 executed an Administrative Service Agreement ("ASA") with Aetna effective March 1, 2002 for administrative services related to Group 1's self-funded

---

[4] Complaint for Breach of Fiduciary Duty [Doc. # 1] ("Complaint") ¶ 1.

[5] *Id.* ¶ 6.

[6] *Id.* ¶ 1.

[7] *Id.* ¶ 11.

[8] *Id.* ¶ 7.

employee health benefit plan.[9] Aetna served as third-party administrator for Group 1's benefit plan until the end of 2015.[10]

A few years after terminating their contract with Aetna, Group 1 raised concerns that Aetna breached the ASA by granting certain benefit claims that should have been denied.[11] In 2018, Group 1 commenced an arbitration against Aetna in Connecticut, as required by an arbitration clause in the ASA.[12] Group 1 asserted several claims in that proceeding, including a claim for breach of fiduciary duty under ERISA.[13] On March 23, 2020, the arbitrator dismissed Group 1's claims as time-barred.[14] The arbitrator also held that Group 1's ERISA claim was not arbitrable and dismissed that claim without prejudice.[15]

---

[9] *Id.* ¶ 2; *see also* Administrative Services Agreement [Doc. # 1-2] ("ASA").

[10] Complaint ¶ 11.

[11] *Id.* ¶ 4.

[12] Declaration of Theodore Tucci in Support of Motion to Transfer Venue [Doc. # 7-2] ("Tucci Decl.") ¶ 4; *see also* Demand for Arbitration [Doc. # 7-3].

[13] Tucci Decl. ¶ 6; Group 1's Third Amended Complaint in Arbitration [Doc. # 7-4] ¶¶ 38-48.

[14] Tucci Decl. ¶ 7; March 23, 2020 AAA Ruling on Respondent's Renewed Motion to Dismiss [Doc. # 7-6].

[15] *Id.*

On April 10, 2020, Group 1 filed this lawsuit asserting its ERISA claim.[16] On April 13, 2020, Aetna filed a petition in the United States District Court for the District of Connecticut for confirmation of the arbitral award.[17] On May 12, 2020, Aetna moved to transfer this case to the District of Connecticut under 28 U.S.C. § 1404(a).[18]

## II. <u>LEGAL STANDARD</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The party seeking to transfer venue bears the burden to "satisfy the statutory requirements and clearly demonstrate that transfer is appropriate. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) (quoting 28 U.S.C. § 1404(a)) (alteration in original). The ultimate decision whether to transfer a case pursuant to § 1404(a) is within the sound discretion of the district court. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

In ruling on a motion to transfer, a court first must address if the civil action could have originally been brought in the transferee court under the applicable venue

---

[16] *See* Complaint.

[17] Tucci Decl. ¶ 8; Petition to Confirm Arbitral Award [Doc. # 7-7].

[18] *See* Aetna's Motion.

statute. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). "If the action could have been brought in the alternate venue, the court must then weigh a series of non-exhaustive private and public interest factors, none of which is given dispositive weight." *LeBlanc v. C.R. Eng., Inc.*, 961 F. Supp. 2d 819, 830 (N.D. Tex. 2013) (citing *In re Volkswagen*, 545 F.3d at 315).[19]

In the Fifth Circuit, a plaintiff's choice of venue is not a separate factor in the § 1404(a) analysis, but the importance of a plaintiff's choice is taken into account by the significant burden placed on the movant to show good cause for the transfer. *Id.*, at 314 n.10. Unless the proposed transferee venue is "clearly more convenient" than the plaintiff's chosen venue, "the plaintiff's choice should be respected." *Id.* at 315.

Where there is a valid and enforceable forum selection clause, the plaintiff's choice of a different forum has no weight, and the party opposing transfer bears the burden to demonstrate that transfer is unwarranted. *Marine Constr. Co., Inc. v. U.S. Dist. Court*, 571 U.S. 49, 63-64 (2013). "[A] court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as

---

[19] *See infra* at 11 for these factors.

inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. As a result, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum" and may consider only the public interest factors, which "will rarely defeat a transfer motion." *Id.*

## III. DISCUSSION

Aetna argues that this dispute is subject to a valid and enforceable "forum selection clause" in Section 26 in the ASA ("Section 26") requiring that the dispute be heard in the District of Connecticut.[20] The Court first analyzes the applicability of Section 26. Because the Court concludes that Section 26 does not require Group 1's ERISA claim to be heard in Connecticut, the Court will evaluate the public and private interest factors to determine whether a discretionary transfer to the District of Connecticut is warranted.

### A. Scope of the ASA's Forum Selection Clause

Aetna argues that this dispute is subject to a valid and binding forum selection clause in the ASA, citing the first two sentences of Section 26 of the ASA. Those sentences state:

> The Services Agreement shall be governed by, and interpreted in accordance with, applicable federal law, including but not limited to ERISA. To the extent such federal law does not govern, the Services Agreement shall be governed by Connecticut law and the courts in such

---

[20] *See* ASA [Doc. # 1-2] at 10.

state shall have sole and exclusive jurisdiction of any dispute related hereto or arising hereunder.[21]

The parties' dispute turns on the second sentence, which has three parts: a qualifying introductory phrase that excludes from its reach claims based on federal law, a choice of law phrase, and a forum or venue selection phrase.

Under Connecticut law, when construing an insurance policy or other contract

> [t]he determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy. . . . If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning. . . . Under those circumstances, the policy is to be given effect according to its terms . . . . When interpreting [an insurance policy], we must look at the contract as a whole, consider all relevant portions together and, if possible, give operative effect to every provision in order to reach a reasonable overall result . . .

*Lexington Ins. Co. v. Lexington Healthcare Group, Inc.*, 311 Conn. 29, 37–38, (2014). Courts use canons of interpretation to determine the parties' intent and expectations from a contract's language. *Metropolitan Life Ins. Co. v. Aetna Casualty & Surety Co.*, 255 Conn. 295, 306, (2001).

The threshold procedural issue is whether the qualifying introductory phrase in the second sentence of Section 26 ("[t]o the extent such federal law does not govern") limits the forum selection phrase "the courts in [Connecticut] shall have

---

[21] ASA [Doc. # 1-2] at 10.

sole and exclusive jurisdiction of any dispute related hereto or arising hereunder," which is at the end of the sentence. Aetna argues with some force that the entire sentence should be interpreted using the "nearest reasonable referent" canon of interpretation. That canon limits the application of the introductory qualifier to the phrase that immediately follows the limitation. Aetna thus contends that the sentence's introductory limitation concerning claims not involving federal law applies only to the choice of law phrase which immediately follows that limitation, not the sentence's concluding forum selection phrase.

Group 1 counters that the disputed sentence should be interpreted using the "series qualifier" canon, under which the qualifying introductory phrase would apply to both the choice of law and forum selection phrases.

"When there is a straightforward, parallel construction that involves all nouns or verbs in a series," the series qualifier canon applies, under which "a prepositive or postpositive modifier normally applies to the entire series." Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 147 (2012) ("Scalia & Garner"). On the other hand, "when the syntax involves something other than a parallel series of nouns or verbs," the nearest reasonable referent canon applies, and "a prepositive or postpositive modifier normally applies only to the nearest reasonable antecedent." *Id.* at 152.

Here, the forum selection clause is a parallel construction of nouns in a series. Both "Services Agreement" and "the courts" are nouns. The conjunction "and" signifies a parallel construction, and neither phrase modifies the other. Therefore, the series qualifier canon applies. Under the series qualifier canon, the qualifying phrase applies to each following phrase. Thus, the qualifying phrase applies to both the forum selection clause as well as the choice of law clause. In other words, grammatically, the sentence means both:

- *To the extent such federal law does not govern*, the Services Agreement shall be governed by Connecticut law; and

- *To the extent such federal law does not govern*, the courts in [Connecticut] shall have sole and exclusive jurisdiction of any dispute related hereto or arising hereunder.

This interpretation is logical and does not lead to an absurd result when considered in light of "the entire text, in view of its structure and of the physical and logical relations of its many parts." Scalia & Garner, at 167. It makes sense that Connecticut courts would be best positioned to address disputes under Connecticut law. On the other hand, federal courts are easily able to address ERISA issues under federal law. Federal law governs the current dispute, and therefore this case is not governed by the ASA's forum selection clause.

9

The Court turns to the question of whether transfer to the District of Connecticut is warranted under 28 U.S.C. § 1404.[22] *See Volkswagen*, 545 F.3d at 315.

### B. Public and Private Interest Factors

When considering a motion to transfer, the initial question is whether the action "might have been brought" in the alternative venue. *Id.* at 312. Here, it is clear that litigation about this dispute could have been initiated in the District of Connecticut. ERISA's venue provision states that an action may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . ." 29 U.S.C. § 1132(e)(2). Because Aetna is a Connecticut corporation with its principal place of business in Connecticut, this case could have been brought there.[23]

"If the action could have been brought in the alternate venue, the court must then weigh a series of non-exhaustive private and public interest factors, none of which is given dispositive weight." *LeBlanc v. C.R. Eng., Inc.*, 961 F. Supp. 2d 819,

---

[22] It appears from the record that Aetna used a form contract to define the parties' relationship, at least for the bulk of the contract terms. The Court has concluded the sentence in issue is not ambiguous under the applicable canon of construction and the clause does not apply to disputes governed by federal law. The Court accordingly does not reach Group 1's argument that the doctrine of *contra proferentem* should be applied and any ambiguity in the ASA be construed against Aetna.

[23] Complaint ¶ 7.

830 (N.D. Tex. 2013) (citing *Volkswagen*, 545 F.3d at 315). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 315 (internal quotation marks and citation omitted). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (internal quotation marks and citation omitted) (alteration in original).

A plaintiff's choice of forum is important, "but in and of itself is neither conclusive or determinative." *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2004). However, "the plaintiff's choice should be respected" unless the proposed transferee venue is "clearly more convenient" than the plaintiff's chosen venue. *Volkswagen*, 545 F.3d at 315. The party seeking transfer bears a "significant burden" to show transfer is appropriate. *Id.* at 314 n.10. Whether to order transfer is ultimately within a district court's "broad discretion." *Id.* at 311.

### 1. Private Factors

Aetna has not met its burden to establish that the private interest factors weigh in favor of transfer to Connecticut.

#### a. Relative Ease of Access to Sources of Proof

Group 1's ERISA claim is a broad challenge to Aetna's company-wide claim payment systems, policies, and procedures. Aetna argues that resolution of this dispute will largely depend on facts about Aetna's claims payment systems adduced from Aetna's witnesses and documents. However, Aetna has not identified a single witness that would need to travel from Connecticut to Texas for trial. Undoubtedly, documents will be produced electronically and, once produced, will be equally available to both parties. Group 1 will also need to provide witnesses and documents at trial. Group 1 is based in Houston and has offices in 15 states, but not Connecticut. Group 1 claims it directs the ERISA plan in issue from its headquarters in Houston. Aetna has not shown that this factor weighs in favor of transfer to Connecticut.

#### b. Availability of Compulsory Process to Secure Witness Attendance

Witnesses pertinent to this case are likely located in Texas, Connecticut, and elsewhere. Aetna has not identified any witnesses for which compulsory service of process would be available in Connecticut but not in Texas. Aetna has not shown that this factor weighs in favor of transfer to Connecticut.

12

### c.     Cost of Attendance for Willing Witnesses

Aetna argues that witnesses with relevant knowledge of its claims processing policies and procedures will very likely come from Aetna's headquarters in Connecticut. In response, Group 1 argues that its fact witnesses will almost certainly come from its headquarters in Houston. Aetna has not established that it will need to present substantially more witnesses than Group 1 such that transfer to Connecticut would reduce the total cost of trial. Transferring this case to Connecticut would only shift costs from Aetna to Group 1. Aetna has not shown that this factor weighs in favor of transfer to Connecticut.

### d.     Other Practical Problems Making Trial Easy, Expeditious and Inexpensive

Aetna argues that transferring this case to Connecticut would allow it to be consolidated with Aetna's petition for confirmation of the arbitral award currently pending in that District. In response, Group 1 points out that Aetna's petition for confirmation of the arbitral award is a perfunctory, summary proceeding unrelated to the ERISA claim asserted here. The Court agrees. Because Group 1 has committed it does not intend to challenge the arbitration award, the confirmation of the award is a "straightforward proceeding[] in which no other claims are to be adjudicated." *Lummus Global Amazonas v. Aguaytia Energy Del Peru*, 256 F. Supp. 2d 594, 635 (S.D. Tex. 2002) (quoting *Katz v. Feinberg*, 167 F. Supp. 2d 556, 572 (S.D.N.Y. 2001)); *see also Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176

13

(2d Cir. 1984) ("[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."). Aetna has not shown that this factor weighs in favor of transfer to Connecticut.

### 2. Public Factors

Aetna has not met its burden to establish that the public interest factors weigh in favor of transfer to Connecticut.

#### a. Administrative Difficulties Flowing from Court Congestion

Aetna argues that transfer to the District of Connecticut would promote judicial efficiency because the Southern District of Texas handles more cases per year than the District of Connecticut. However, the mere fact that the Southern District of Texas handles more cases per year than the District of Connecticut does not establish that this Court is experiencing congestion that prevents it from having the capacity to adjudicate this lawsuit in a timely and efficient manner. Group 1 has presented evidence that the average time from filing to trial of civil cases was a few months shorter in the Southern District of Texas than in the District of Connecticut. This evidence, to which Aetna does not directly respond, weighs against transfer. Aetna has not shown that this factor weighs in favor of transfer.

### b. Local Interest in Having Localized Interests Decided at Home

Aetna argues that there is no localized interest in the dispute because Group 1's ERISA claim is a broad challenge to Aetna's claims processing policies and practices. In response, Group 1 argues that because it is headquartered in Houston, Aetna's alleged breaches of fiduciary duty had a disproportionate impact in this District. Group 1 argues that many of the payments at issue in this case were made to medical providers in this district on behalf of insureds residing in this district. Aetna has not presented any controverting evidence on the degree to which the payments at issue in this case relate to plan members or providers outside of this District. Aetna has not shown that this factor weighs in favor of transfer.

### c. Familiarity of the Forum with the Law Governing the Case

This dispute depends on the interpretation and application of ERISA, and not the law of Connecticut or any other state. This Court is as well-positioned as any other federal court to interpret and apply ERISA. Aetna has not shown that this factor weighs in favor of transfer.

### d. Avoidance of Unnecessary Problems with Conflict of Laws

The sole cause of action is for breach of fiduciary duty under ERISA. Aetna does not argue that this case poses any conflict-of-law issues, and therefore has not shown that this factor weighs in favor of transfer.

The Court concludes that the private and public interest factors do not favor transfer. Aetna has not met its heavy burden to show that Connecticut is "clearly more convenient" for litigation of the ERISA claim in issue than the Southern District of Texas. *Volkswagen*, 545 F.3d at 314.

## IV. CONCLUSION

The forum selection clause in the ASA does not apply to disputes governed by federal law. Since Group 1's claim arises under ERISA, it is not subject to the forum selection clause. The private and public interest factors do not weigh in favor of transferring this case to the District of Connecticut. It is Therefore

**ORDERED** that Aetna's Motion to Transfer Venue under 28 U.S.C. § 1404(a) is **DENIED**.

SIGNED at Houston, Texas, this 15th day of July, 2020.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE