United States District Court
Southern District of Texas
**ENTERED**
May 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GROUP 1 AUTOMOTIVE INC, | § § § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-01290 |
| Plaintiff, | | |
| vs. | | JUDGE CHARLES ESKRIDGE |
| AETNA LIFE INSURANCE INC, | | |
| Defendant. | | |

ORDER GRANTING LEAVE TO AMEND
AND DENYING MOTION TO DISMISS

The objections by Plaintiff Group 1 Automotive Inc to the pending Memorandum and Recommendation are sustained. Dkts 74 & 77. As such, Group 1 is granted leave to amend. Dkt 51. The motion by Aetna to strike or dismiss is denied. Dkt 55.

1. Background

Plaintiff Group 1 Automotive Inc maintains a comprehensive health and welfare benefit plan as required by the Employee Retirement Income Security Act, 29 USC § 1132(a)(2). It employed Defendant Aetna Life Insurance Company as third-party claims administrator from March 1, 2002, to December 31, 2015. Dkt 51 at ¶ 2.

Group 1 brought claims for breach of contract and breach of fiduciary duty during a 2018 arbitration. Dkt 55-1 at 112–32 (third amended arbitration complaint). The arbitrator ruled that the breach of contract claim was untimely and that the breach of fiduciary claim wasn't arbitrable. Id at 133–42 (arbitration ruling).

Group 1 subsequently brought the present action, alleging only breach of fiduciary duty. Dkt 1. Judge Nancy Atlas held an initial conference in November 2020. The parties there agreed to a scheduling order that specified the last day for Group 1 to amend its complaint as June 25, 2021. Dkt 40. That deadline remained in effect when the action was reassigned to this Court in March 2021. Dkt 50.

Group 1 filed an amended complaint on June 25th without seeking leave of Court. Dkt 51. As later explained, Group 1 believed it didn't need to seek leave. Dkt 65 at 6. This confusion arose from certain discussions at the initial conference and the language of the scheduling order itself. Dkts 40 & 65 at 6–8.

The amended complaint appears to include two new theories underpinning the breach of fiduciary duty claim—that Aetna undertook cross-plan offsetting, and that it mishandled stop-loss insurance. Dkt 51 at ¶¶ 38–39. Group 1 has since disclaimed the latter theory. Dkt 65 at 14. The amended complaint also seeks to clarify that Aetna allegedly breached its fiduciary duty by failing to detect and prevent claims involving not only *medical* fraud, waste, and abuse, but also claims involving *pharmaceutical* fraud, waste, and abuse. Dkt 51 at ¶ 1 n 1; Dkt 65 at 18.

This case was referred to Magistrate Judge Sam S. Sheldon for full pretrial management pursuant to 28 USC § 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure. Dkt 54. Aetna then moved to strike or dismiss the amended complaint. Dkt 55. Judge Sheldon issued a Memorandum and Recommendation on February 23, 2022. Dkt 74. He construed the amended complaint as a motion for leave to amend, but he recommended that amendment be denied and the motion to strike be granted. Ibid. Group 1 timely objected. Dkt 77.

2. Legal standard

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989,

*per curiam*). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) advisory committee note (1983).

    3. Analysis

The parties dispute the standard by which this Court should review the disposition of these motions in the Memorandum and Recommendation. Compare Dkt 84 at 2–4 (advocating *de novo* standard where denial of leave to amend precludes new claims), with Dkt 81 at 6 (advocating *clear error* standard on non-dispositive matters). The ruling on leave to amend is dispositive, as it precludes certain claims Group 1 attempts to assert. It will thus be reviewed *de novo*. See *Lawson v Stephens*, 900 F3d 715, 720 (5th Cir 2018).

*As to the motion to strike and leave to amend generally.* As noted in the Memorandum and Recommendation, it's "appropriate to construe the amended complaint as a timely-filed motion for leave to amend." Dkt 74 at 3; see also Dkt 51. Group 1 filed this motion before the deadline for amendments set forth in the scheduling order. Dkts 40 & 51. The liberal standards of Rule 15 therefore apply. *Rangel v Gonzalez Mascorro*, 2011 WL 13353220, *2 (SD Tex).

Rule 15(a)(2) states that a district court "should freely give leave [to amend] when justice so requires." The Fifth Circuit holds that this "evinces a bias in favor of granting leave to amend." *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (citation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be

futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020).

Aetna contends that Group 1 unduly delayed bringing its motion to amend because Group 1 knew or should have known the basis for these additional claims as early as February 2018. Dkt 81 at 8–10. Aetna also asserts that allowing amendment would unfairly prejudice it because Group 1 attempts to substantially expand the basis on which the case has been proceeding. Id at 14–15.

To the contrary, Group 1 sought to amend in conformance with the timeline established by the scheduling order. Dkt 40. Regarding the pharmaceutical fraud, waste, and abuse allegations, although Aetna provided Group 1 with thousands of records in early 2018, Aetna asserted that Group 1 hadn't pleaded "allegations regarding pharmacy benefit claims" when Group 1 requested more information regarding the pharmaceutical records. Dkt 55 at 14. Group 1 disputes this characterization of its original complaint but now attempts to clarify that it is in fact pleading such claims. Dkt 65 at 18. Regarding the cross-plan offsetting allegations, Group 1 didn't have a reason to suspect cross-plan offsetting at the time of its original complaint. It then allegedly discovered an $8 million discrepancy in Aetna records consistent with cross-plan offsetting. And it received further reason to conclude Aetna engaged in this practice after the decision in *Lutz Surgical Partners PLLC v Aetna Inc*, 3:15-cv-02595 (D NJ), released on June 25, 2021. Dkt 65 at 15–16; Dkt 77 at 10–11. In short, Group 1 didn't unduly delay its request to amend.

Aetna also won't be prejudiced by the proposed amendment. Group 1 explicitly warned Aetna that the preliminary list of claims it provided Aetna didn't encompass all potential claims. Dkt 65 at 21–22. This is also its first request for leave to amend. Dkt 51. And at the time Group 1 made the request, the fact discovery deadline was five months away, the expert report deadline was seven months away, the dispositive motions deadline was a year away, and docket call was over a year and four

4

months away. See Dkt 40. Group 1 also isn't fundamentally altering this dispute in that all new allegations relate to Aetna's alleged breach of fiduciary duty under ERISA—the sole legal theory that Group 1 has pursued since the outset of this litigation.

It must also be observed that future amendment won't likely be granted absent exceptional circumstances. This, too, counsels in favor of finding this sole amendment as being not unduly prejudicial. See *Dueling v Devon Energy Corp*, 623 F Appx 127, 130 (5th Cir 2015, *per curiam*) (collecting cases); see also *Standard Guaranty Insurance Company v Vedia*, 2015 WL 12777366, *1 (SD Tex); *Poly-America Inc v Serrot International Inc*, 2002 WL 206454, *1 (ND Tex).

*As to futility specifically and the motion to dismiss.* Aetna argues that the new claims or theories brought by the amended complaint can't withstand challenge under Rule 12(b)(6). Dkt 55 at 19–21; Dkt 81 at 16–17. Regarding pharmaceutical fraud, waste, and abuse, Group 1 alleges that Aetna (i) paid pharmacy claims in instances where the provider was on the Office of Inspector General Exclusion List and where the units of medication billed didn't match the package size of the drug, and (ii) breached its fiduciary duty by failing to detect such claims. Dkt 51 at ¶¶ 32–33 & 41–50. Regarding cross-plan offsetting, Group 1 alleges that (i) Aetna engaged in cross-plan offsetting, (ii) Aetna used "cross-plan offsetting to recover overpayments it made using its own money for fully-insured plans before fully recovering overpayments it made on behalf of the Group 1 Plan," and (iii) this amounts to a breach of fiduciary duty under ERISA. Id at ¶¶ 37–38 & 41–50.

Though spare, these facts are sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570. Aetna can raise further contention in this regard, of course, on later motion for summary judgment.

### 4. Conclusion

The objections by Plaintiff Group 1 Automotive Inc to the Memorandum and Recommendation of the Magistrate

5

Judge are SUSTAINED. Dkt 77.

The motion by Plaintiff Group 1 Automotive Inc for leave to amend is GRANTED. Dkt 51.

The motion by Defendant Aetna Life Insurance Company to strike or dismiss is DENIED. Dkt 55.

The parties are ORDERED to file within fourteen days a proposed amended scheduling order, noting any disagreements.

SO ORDERED.

Signed on May 20, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge